*Rhea, for appellant.*

---

### J. M. TAYLOR, TRUSTEE, *v.* W. G. TAYLOR.

**Judgment by Default—Defendant's Negligence.**

A plea that a defendant, who had not employed an attorney, was present at a term of court and learned that all ordinary cases would go · over, and had a good defense, is insufficient to set aside a default judgment.

APPEAL FROM HENDERSON CIRCUIT COURT.

March 2, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellant recovered a judgment by default against appellee on a note, December 27; on the 30th the defendant filed his affidavit showing he was in attendance on the court on the 24th when the jury was adjourned over until January 1, and learned that no business would be done on the ordinary but would be on the equity docket; that he had not then employed an attorney, but did so since, and had a good defense to the entire action and presented his answer also.

As by the recognized rule both the days of judgment and motion must be counted, the motion was too late unless prevented, unavoidably, as provided in section 371, Civil Code. It was the parties' own negligence and not unavoidable casualty, for there is no pretense that the court had misled him, nor does he disclose

how he got his information; had he appealed to the proper source he would doubtless have been properly informed. But the judgment on the merits is equally erroneous.

The single error of $364.05 for which he got an allowance, in his administrator's settlement, as for money paid out on his decedent's liability for railroad stock, when the widow of the decedent furnished the money out of her own means to pay it, will cover all the balances which he set up in his answer.

Upon a fair adjustment of his accounts as apparent from the proof in this cause he has no just set-off or counter-claim as to the debt sued upon.

And even if the $1,000, reserved in the trust deed to Wilson was due to appellee as administrator how he can set it off against an individual debt of his own is not perceptible unless he was in advance to the estate, but to do so would be an improper and illegal conversion of the assets. The money would be due the widow and heirs of Wilson immediately had he collected it, for the two years allowed for winding up a decedent's estate had long since elapsed, and no cause for returning it is averred or proved.

Wherefore, the judgment is reversed, with directions to reject the answer and for further proceedings consistent with this opinion.

*Turner, for appellant.*

*Yeaman, for appellee.*